IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEMONT BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11 C 2182 |
| ) | |
| CITY OF DOLTON and CITY OF DOLTON ) | Judge John W. Darrah |
| POLICE OFFICERS D.GRIFFIN #611, ) | |
| JOHN DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lemont Baker, filed this action under 42 U.S.C. §1983 against the City of Dolton and Dolton Police Officers D. Griffin and John Does 1-3 (the "Defendants"). Baker alleges that the Defendant Police Officers beat him, falsely arrested him and charged him with a crime he did not commit. All claims in Plaintiff's Complaint relate to a single incident. Count I asserts a § 1983 claim for excessive force; Count II asserts a § 1983 claim for false arrest and detention; Counts III through VII allege state-law claims for assault and battery, false arrest and imprisonment, malicious prosecution, conspiracy, and intentional infliction of emotional distress, respectively; and Counts VIII and IX are claims against the City of Dolton for *respondeat superior* and indemnity under the Illinois Tort Immunity Act (745 ILCS 10/9-102), respectively. Presently before the Court is Defendants' Motion to Dismiss Counts II, III, IV, VI and VII, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

The following facts are taken from Baker's Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

On April 3, 2010, Baker was attempting to break up a fight between a man and a woman in a parking lot when Dolton Police Officers Griffin and Does 1-3 arrived on the scene. (Compl. ¶¶ 6, 8.) The Officers ordered Baker to put up his hands and stop moving. (*Id.* ¶ 9.) Baker complied. (*Id.*) Without warning or justification, one of the Officers sprayed Baker with a chemical spray and Officer Griffin struck him in the head with a baton. (*Id.* ¶¶ 9-11.) The Officers then continued to strike Baker around his knee with their police batons, causing Baker to fall to the ground, where one of the Defendant Officers again sprayed him with chemical spray on the back of his head and neck. (*Id.* ¶¶ 12-13.) Throughout the attack, Baker and witnesses at the scene tried to explain to the Defendant Officers that Baker had done nothing wrong. (*Id.* ¶ 14.) However, the Defendant Officers either continued to assault Baker or stood nearby and failed to protect Baker. (*Id.* ¶ 15.)

After beating Baker, Officers Griffin and Does 1-3 arrested him and brought him to the police station, where they charged him with battery of a police officer, obstructing a police officer and resisting arrest. (*Id.* ¶¶ 17-18.) The Officers then made out false and incomplete official reports. (*Id.* ¶¶ 21-22, 41-44.) Baker was held in police custody for several hours before being released on a $1,000 bond. (*Id.* ¶ 19.) As a result of the beating, Baker had to seek treatment for injuries at Advocate Trinity Hospital. (*Id.* ¶ 20.) Baker also had to hire an attorney to defend himself against the false criminal charges

brought by Officers Griffin and Does 1-3, charges that ultimately were dismissed and terminated in Baker's favor. (*Id.* ¶¶ 23-24.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### *Counts II and IV*

Defendants move to dismiss or strike Counts II and IV. Specifically as to Count II, Defendants argue that because Baker brings claims both for false arrest and imprisonment (pursuant to 42 U.S.C. § 1983), the two different claims, couched in the same Count, are duplicative. Alternatively, Defendants argue, Baker has failed to allege sufficient facts to state separate causes of action for detention or false imprisonment in either count.

As Baker concedes, he is not stating a separate claim for "false imprisonment" in Count II but is merely including the alleged detention as part of his claim for unlawful arrest. (Reply at 4.) In *Wallace v. Kato*, 549 U.S. 384, 390 (2007), the Court held that, "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." Construing Baker's allegations in the light most favorable to him, his allegations here relating to the detention are not meant to state a separate cause of action but to encompass the period of time from Baker's alleged unlawful arrest until his release on bond. Accordingly, Defendants' Motion to Dismiss and/or Strike Count II is denied.

Defendants proffer essentially the same arguments with respect to the Count IV state-law claims. Specifically, Defendants assert that Baker's state-law claims of false arrest and false imprisonment duplicate one another. Alternatively, Defendants argue that Baker has failed to allege a separate set of facts to sufficiently allege a separate claim of false imprisonment. Baker concedes that he is stating a claim for false arrest *and* false imprisonment and argues that these claims are "separate and distinct claims under Illinois

law." (Dkt. No. 21 at 5, n.2.)

Under Illinois law, false arrest is a specific form of false imprisonment, so an "unlawful arrest may support a cause of action for either false arrest or false imprisonment." *Dutton v. Roo-Mac, Inc.*, 426 N.E. 2d 604, 607 (Ill. App. Ct. 1981) ("In Illinois, false arrest is one means of committing false imprisonment) (internal citation omitted).

Baker has pled one set of facts that support his claim for "State Law Claim for False Arrest and Imprisonment" in Count IV. At this stage of litigation, his allegations could be reasonably construed to support either a claim for false arrest or imprisonment; specifically which claim, however, may be resolved after discovery takes place. *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989) ("The complaint may be dismissed for failure to state a claim according to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citation omitted). Accordingly, Defendants' Motion to Dismiss with respect to Count IV is denied.

*Count III*

Defendants next move to dismiss Baker's assault and battery state-law claims on the basis that these Counts are not supported by sufficient facts. Baker concedes that he has not pled a claim for assault, and, therefore, his claim is dismissed. (Reply at 10, n.5.)

Under Illinois law, "(a) [a] person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3.

Baker's allegation that Defendants' actions were "willful" in spraying Baker with chemical spray and striking him in the head and knee is sufficient to overcome Defendants' challenge as to the claim of battery. *See Miller v. Womak*, No. 10-3087, 2010 WL 2522994, at *1 (C.D. Ill. June 15, 2010) (holding plaintiff stated a claim for battery where the defendant police officer "grabbed (plaintiff) and threw him to the ground."). Furthermore, Baker alleges that the Officers' spraying and striking of him proximately caused him bodily injury, pain and suffering, and other injuries that resulted in his incurring medical and legal expenses. Therefore, Defendants' Motion to Dismiss with respect to Count III is granted as to Baker's assault claim but denied as to the battery claim.

*Count VI*

In Count VI, Baker brings a claim for civil conspiracy to maliciously prosecute. To succeed in a claim of civil conspiracy under Illinois law, the plaintiff must establish: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (citing *McClure v. Owens Corning Fiberglass Corp.*, 770 N.E.2d 242, 258 (Ill. 1999)). "An agreement is a necessary and important element of this cause of action." *Id.*

Baker alleges that Officers Griffin and Does 1-3 reached an understanding on or about April 3, 2010, to falsely complete and submit reports to their superiors and prosecutors in order to maliciously prosecute Baker and completed those overt tortuous acts in furtherance of the conspiracy. (Compl. ¶ 42.) Baker also alleges that each of the

6

individual Defendants "reached an understanding or agreement" among themselves to achieve those ends. (*Id.* ¶ 41.) These allegations are sufficient to state a civil conspiracy claim. Therefore, Defendants' Motion to Dismiss with respect to Count VI is denied.

*Count VII*

In Count VII, Baker brings a claim for intentional infliction of emotional distress ("IIED") against Defendants. In order to state a cause of action for intentional infliction of emotional distress under Illinois law, a plaintiff must plead facts establishing that: (1) defendant's conduct was extreme and outrageous; (2) defendant either intended to inflict serious emotional distress or knew that a high probability existed that his conduct would cause severe emotional distress; and (3) defendant's conduct in fact caused severe emotional distress. *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 683 (Ill. 1999). In order for conduct to be deemed outrageous, more than mere insults or annoyances must be involved; the conduct must cause outrage in an average member of the community. *Doe v. Calumet City*, 641 N.E.2d 498, 507 (Ill. 1994), *overruled on other grounds*. The extreme character of the conduct can arise from the abuse of a position of power, such as that held by police officers. *Id.* One event is sufficient to establish extreme conduct provided the event is serious enough. *Id.* at 508.

Baker alleges facts that meet the three-part test. First, Baker alleges that the Officers severely beat Baker without any justification and then, once he was arrested, conspired to file false reports in order to maliciously prosecute him. (Compl. ¶¶ 10-13, 16-19, 21-22.) Such conduct has been held to be extreme in similar cases of alleged police beatings. *See Holder v. Ivanjack*, 39 F. Supp. 2d 965, 970 (N.D. Ill. 1999) (holding that where plaintiff "based his IIED claim on the individual police officers'

(1) confrontation with him, (2) utterance of profane and racial slurs at him, and (3) false charges of battery against him" was sufficient to establish extreme conduct.); *Lorenzana v. Mette*, No. 94 C 6861, 1995 WL 461860, at *6 (N.D. Ill. Aug. 2, 1995) (holding that where plaintiff alleged "that the defendant police officers without provocation or cause kicked, hit and otherwise beat him, hurled racial slurs at him, and then placed him under arrest and held him in custody for approximately seven (7) hours" was sufficient to establish extreme conduct). Second, Baker alleges that the Officers acted with knowledge there was a high probability they would cause Baker substantial emotional distress. (Compl. ¶ 47.) Third, Baker asserts that he suffered severe emotional distress. (*Id.* ¶ 48.) Accordingly, the Defendants' Motion to Dismiss with respect to Count VII is denied.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [15] is denied except as to Baker's state-law claim for assault in Count IV.

DATE: 10-20-11

JOHN W. DARRAH
United States District Court Judge